ORIGINAL

# In the United States Court of Federal Claims

No. 13-761T

(Filed: January 28, 2014)

**FILED**
JAN 2 8 2014
U.S. COURT OF FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| TODD HEBERT, | |
| Plaintiff, | Tax Refund Claim; Lack of Subject Matter Jurisdiction; Requirement for Payment of Tax and Filing of Administrative Claim; Failure to Allege a Money-Mandating Source of Law; No Jurisdiction of Claims Sounding in Tort. |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Todd Hebert*, Massena, New York, appearing *pro se*.

*Paul G. Galindo*, with whom were *Kathryn Keneally*, Assistant Attorney General, *David I. Pincus*, Chief, and *G. Robson Stewart*, Assistant Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

Plaintiff Todd Hebert filed a *pro se* complaint in this Court on September 30, 2013. Mr. Hebert alleges that the Internal Revenue Service ("IRS") violated various constitutional provisions, civil statutes, civil regulations, and criminal statutes when it began levying his wages to satisfy his tax liabilities for the 2006 and 2007 tax years. Mr. Hebert seeks $1 million in damages and the amounts levied on his wages by the IRS to date. Compl. ¶8.

On November 27, 2013, Defendant filed a motion to dismiss Mr. Hebert's complaint for lack of subject matter jurisdiction, or alternatively, for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Court of Federal Claims. Def's Mot. to Dismiss 1. The Government contends that: (1) the complaint fails to identify any source of substantive law creating the right to pursue

money damages in this Court; (2) this Court does not have jurisdiction over tax refund claims where the plaintiff has not paid his tax liability in full and has not filed a timely administrative claim with the IRS; and (3) this Court lacks jurisdiction over claims sounding in tort. For the reasons stated below, Defendant's motion is GRANTED, and Plaintiff's complaint is DISMISSED without prejudice.

## Background

Mr. Hebert is a resident of New York. Compl. ¶8. During 2006 and 2007, while employed by Comairco Equipment Inc., Mr. Hebert failed to file returns on his 2006 and 2007 taxes. Def's Mot. to Dismiss Ex. A, B. When the balances on these tax accounts continued to go unpaid, the IRS issued statutory notices of deficiency. Id. Mr. Hebert failed to file timely petitions with the Tax Court, so on March 14, 2011 the IRS assessed taxes, interest, and penalties for Mr. Hebert's 2006 and 2007 tax years. Id. The IRS subsequently began levying collection of his 2006 and 2007 tax liabilities. Id. Mr. Hebert has still not paid his tax liability in full. Id. In fact, he currently owes more than $8,000 to the United States for the 2006 tax year and more than $5,000 for the 2007 tax year. Id. Mr. Hebert asks the Court for the following relief: (1) a refund of the amounts levied on his wages by the IRS in its attempt to collect unpaid taxes; and (2) $1 million in damages. Compl. ¶8.

## Standard of Review

In reviewing a motion to dismiss, the Court must accept the allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. Ainslie v. United States, 355 F.3d 1371, 1373 (Fed. Cir. 2004) (citing Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003)). Though *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers," failures to comply with the Court's jurisdictional requirements are not excused. Hampel v. United States, 97 Fed. Cl. 235, 237 (2011) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Where subject matter jurisdiction is challenged, the plaintiff must establish the Court's jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If the Court finds that it lacks subject matter jurisdiction, it must dismiss the claim. Gluck v. United States, 84 Fed. Cl. 609, 614 (2008).

## Analysis

The Court of Federal Claims is a court of limited jurisdiction. RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). This Court derives its jurisdiction from the Tucker Act, which confers jurisdiction upon the Court of Federal Claims over specified categories of actions and waives the Government's sovereign

2

immunity for those actions. Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The Tucker Act provides that the Court of Federal Claims has jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases that do not sound in tort. 28 U.S.C. § 1491(a). "The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher, 402 F.3d at 1172 (citing United States v. Mitchell, 463 U.S. 206, 216 (1983) and United States v. Testan, 424 U.S. 392, 398 (1976)). In the parlance of Tucker Act cases, the source must be "money-mandating." Id. (citing Mitchell, 463 U.S. at 217 and Testan, 424 U.S. at 398).

### A. The Court Lacks Jurisdiction because Plaintiff has not Paid his Tax Liability.

26 U.S.C. § 7422(a) provides the money-mandating source for bringing a tax refund claim in this Court. Dumont v. United States, 85 Fed. Cl. 425, 427-28 (2009). This provision grants the taxpayer the right to sue the United States for recovery of any internal revenue tax erroneously or illegally assessed or collected. Gregoline v. United States, 99 Fed. Cl. 161, 166 (2011) (citing § 7422). In so far as Mr. Hebert's complaint can be construed as a suit for a federal tax refund under Section 7422 for the tax years 2006 and 2007, he has failed to allege sufficient facts to establish subject matter jurisdiction. While this Court does have jurisdiction to resolve claims for a refund of federal taxes under Section 7422, a plaintiff must satisfy two prerequisites prior to filing suit. Ledford v. United States, 207 F.3d 1378, 1382 (Fed. Cir. 2002). First, a plaintiff must pay his tax liability in full. Id. (citing Flora v. United States, 362 U.S. 145, 177, reh'g denied, 362 U.S. 972 (1960)); accord Rocovich v. United States, 933 F.2d 991, 993-94 (Fed. Cir. 1991). Second, a plaintiff must file a timely administrative refund claim with the IRS. Gregoline, 99 Fed. Cl. at 166. Here, Mr. Hebert does not allege that he has paid his tax assessments for the years 2006 and 2007 in full or that he has filed a timely administrative refund claim with the IRS. The Court, therefore, must dismiss Mr. Hebert's tax refund claim for lack of subject matter jurisdiction.

### B. The Court Lacks Jurisdiction over Claims Sounding in Tort.

This Court also does not have jurisdiction over any of Mr. Hebert's other claims. Mr. Hebert brought a claim seeking civil damages under 26 U.S.C. § 7433 for the allegedly "deceit[ful] and fraud[ulent]" collection activities of the IRS. Section 7433 provides that a taxpayer may seek civil damages for specified unlawful IRS collection activities as follows:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Cherbanaeff v. United States, 77 Fed. Cl. 490, 501 (2007). However, this Court lacks jurisdiction under the Tucker Act to hear claims against the United States "sounding in tort." Id. (citing 28 U.S.C. § 1491(a)(1)); see also, e.g., Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a); Keene Corp. v. United States, 508 U.S. 200, 214 (1993)). Mr. Hebert's assertions that the IRS engaged in "deceit[ful] and fraud[ulent]" collection activities are claims sounding in tort, and thus this Court lacks subject matter jurisdiction over them. Brown, 105 F.3d at 623 (citing L'Enfant Plaza Properties, Inc. v. United States, 227 Fed. Cl. 1 (1981)). Furthermore, Congress has provided that claims under Section 7433 must be brought exclusively before a district court of the United States. Cherbanaeff, 77 Fed. Cl. at 501-02. The Court of Federal Claims is not a district court of the United States, and thus it lacks subject matter jurisdiction over these claims. Id. (citing Ledford, 207 F.3d at 1382).

 Mr. Hebert's due process claims under the Fifth and Fourteenth Amendments must also be dismissed, as the Due Process Clause "does not mandate the payment of money for its violation, and therefore does not support jurisdiction in this court." Earnest v. United States, 33 Fed. Cl. 341, 344 (1995) (citing Murray v. United States, 817 F.2d 1580, 1583 (Fed. Cir. 1987)). Even if Mr. Hebert's due process claims were construed as a Fifth Amendment taking claim, this Court would not have jurisdiction. Indeed, "[w]here, as in this case, a taxpayer disputes an IRS levy on his property, the appropriate course of action is a direct challenge of the levy, not the prosecution of a fifth amendment claim." Castillo Morales v. United States, 19 Fed. Cl. 342, 345 (1990) (citing Bull v. United States, 295, U.S. 247, 259 (1935)). If, as Mr. Hebert asserts, the IRS acted improperly, then no taking can have occurred, "for takings result only from authorized acts of government officials." Earnest, 33 Fed. Cl. at 344 (citing Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 802-03 (Fed. Cir. 1993)). By contrast, "claims based on unauthorized acts (wrongdoing) by government officials sound in tort." Earnest, 33 Fed. Cl. at 344 (citing Smithson v. United States, 847 F.2d 791, 794 (Fed. Cir. 1988)). As already explained, this Court lacks jurisdiction over claims sounding in tort. Cherbanaeff, 77 Fed. Cl. at 501 (citing 28 U.S.C. § 1491(a)(1)). The Court, therefore, must dismiss Mr. Hebert's due process claims for lack of subject matter jurisdiction.

C. The Court Lacks Jurisdiction over Claims that are not Money-mandating.

The Court also does not have subject matter jurisdiction over Mr. Hebert's claims under the Fourth and Thirteenth amendments. The jurisdiction of the Court of Federal Claims is limited to "cases in which the Constitution or a federal statute requires the payment of money damages as compensation for their violation." Brown, 105 F.3d at 623 (citing United States v. Mitchell, 463 U.S. 206, 218 (1983)). However, neither the Fourth Amendment nor the Thirteenth Amendment mandate the payment of money for their violations. U.S. Const. amend. IV, XIII. Because monetary damages are not available for violations of the Fourth and Fourteenth amendments, the Court of Federal Claims does not have jurisdiction over such claims. E.g. Brown, 105 F.3d at 623 (citing Mitchell, 463 U.S. at 218 and Murray, 817 F.2d at 1582-83).

The remainder of Mr. Hebert's claims are also outside the subject matter jurisdiction of the Court of Federal Claims. These claims relate to internal revenue procedures and administration (I.R.C. §§ 6201, 6212, 6330, 6331, 7402, 7403; Treas. Reg. § 601.106), crimes and criminal procedures (18 U.S.C. §§ 241, 872, 1018, 1341, 1581; I.R.C. § 7214), and peonage (18 U.S.C. § 1581; 42 U.S.C. § 1994). None of these authorities establishes a private right of action for money damages against the United States creating subject matter jurisdiction in this case.

Conclusion

The Court does not have subject matter jurisdiction over any of Mr. Hebert's claims. Therefore, Defendant's motion to dismiss under Rule 12(b)(1) is GRANTED, and the clerk is instructed to DISMISS the complaint without prejudice. Because the Court has determined that it must dismiss the case pursuant to Rule 12(b)(1), it does not need to address Defendant's alternative ground for dismissal under Rule 12(b)(6).

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge